IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIZABETH WUEBBELS,                    )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )          Case No. 06-CV-452-JPG-CJP
                                       )
PROFESSIONAL LIABILITY INSURANCE       )
COMPANY OF AMERICA,                    )
                                       )
          Defendant.                   )

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on plaintiff Elizabeth Wuebbels's motion to remand (Doc. 3) this case to the Third Judicial Circuit of the State of Illinois, Madison County, Illinois, on the grounds that the notice of removal was untimely.  Defendant Professional Liability Company of America ("PLICA") has responded to the motion (Doc. 10).

If the case stated by the plaintiff's initial pleading is removable, that is, if it states a case over which a federal court has original jurisdiction, the defendant must file a notice of removal within thirty days of receiving the complaint.  28 U.S.C. § 1446(b), ¶ 1. The 30-day period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

In this case the parties dispute whether the 30-day period began to run on March 3, 2006, in which case the notice of removal would be untimely, or on May 11, 2006, in which case the notice of removal would be timely.  Taking the facts in Wuebbels's favor, the evidence shows that on March 3, 2006, a private process server went to the private law office of Howard A. Wittner, who is the secretary and general counsel for PLICA, and attempted service of the summons and complaint.  He was informed (rightly or wrongly) by Wittner's office staff, who are not PLICA employees or agents, that Wittner did not represent PLICA, was not authorized to accept service on its behalf and had therefore refused to accept service.  The process server left the office but returned later in the day.  On his second visit, he left a copy of the summons and complaint with a secretary in Wittner's office.   When PLICA attempted to quash this service in state court, Wuebbels reserved it on May 11, 2006, in an admittedly valid way.

It is clear under *Murphy Brothers* that the timeliness of the motion depends on whether the March 3, 2006, service was effective.  Whether PLICA is a corporation or an unincorporated association, and the record is not clear on this question, service on an officer of the corporation or association is sufficient.  *See* 735 ILCS 5/2-204 & -205.1. However, service on an agent or employee of the corporation's or association's officer is insufficient to establish service on the corporation or association where the officer's agent or employee has not been designated to receive process for the corporation or association.  *See Slates v. International House of Pancakes, Inc.*, 413 N.E.2d 457, (Ill. App. Ct. 1980);  *Mason v. Freeman Nat'l Printing Equip. Co.*, 366 N.E.2d 1015, 1017 (Ill. App. Ct.

2

1977) ("The statute expressly provides for service upon an officer or agent of the corporation being sued.  It does not provide for service on an employee or agent of an agent; therefore, we must conclude the legislature did not intend for such service to suffice.").

In this case, service on an employee of Wittner's private law office was not sufficient to establish service on PLICA.  Therefore, the May 11, 2006, service, not the March 3, 2006, service, triggered the 30-day period for filing a notice of removal, and the notice was timely.  For this reason, the Court **DENIES** the motion to remand and for costs and fees (Doc. 3).

**So ordered.**

**Entered this 7th day of September, 2006.**

s/ J. Phil Gilbert
**Judge**

3