IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH WUEBBELS,           ) | |
|                               ) | |
|     Plaintiff,                ) | |
|                               ) | |
| vs.                           ) | Case No. 06-CV-452-JPG/CJP |
|                               ) | |
| PROFESSIONAL LIABILITY        ) | |
| INSURANCE COMPANY OF          ) | |
| AMERICA,                      ) | |
|                               ) | |
|     Defendant.                ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Professional Liability Insurance Company of America ("PLICA") (Doc. 27). Plaintiff Elizabeth Wuebbels ("Wuebbels") has responded to the motion (Doc. 29).

This matter can be quickly resolved by noting that PLICA cites Illinois state pleading rules when federal pleading rules apply in this case. Federal standards require only notice pleading of claims like Wuebbels's, not the fact pleading required by Illinois courts. Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714-15 (7th Cir. 2006); *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Kolupa*, 438

F.3d at 714-15; *Higgs,* 286 F.3d at 439; *Bennett,* 153 F.3d at 518; *American Nurses',* 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

If taken as true, as they must be at this stage of the litigation, *Brown*, 398 F.3d at 908, the allegations in the Amended Complaint establish that Wuebbels carried a medical malpractice liability insurance policy with PLICA (she provides the policy number), that she was sued in a medical malpractice negligence case covered by the policy (she provides the underlying case caption), that she made a claim on her PLICA policy, and that PLICA denied and continues to deny the claim. She further alleges that PLICA's continued refusal to settle her claim is vexatious and unreasonable and cites 215 ILCS 5/155, which provides for an award of attorney's fees, costs and penalties where an insurance company vexatiously and unreasonably delays settling a claim. These allegations contain enough detail to fairly put PLICA on notice of her claim and its basis. Therefore, under federal notice pleading standards, she has stated a claim against PLICA. Accordingly, the Court **DENIES** PLICA's motion to dismiss (Doc. 27).

**IT IS SO ORDERED:**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**

**DATE: January 12, 2007**